CALVIN RAGSDALE, Appellee, vs. THE ILLINOIS CENTRAL
RAILROAD COMPANY, Appellant.

*Opinion filed October 26, 1908.*

1. TRIAL—*when a personal injury case is properly left to the
jury.* An action for personal injury received by a servant from
the bursting of a boiler is properly left to the jury, where the
evidence tends to show that the flange on the boiler was defective
and that the boiler gave way at that point when the steam was
turned on, after the boiler had been set in place by the plaintiff and
others, under the direction of defendant's representative.

2. SAME—*what questions are properly left to jury.* Whether
a boiler had been properly inspected by the defendant before it
was sent out and the flange of the boiler found to be sound,, or
whether the flange was broken at that time or by fellow-servants
of the plaintiff after the boiler had been set in place, are questions
of fact which are properly left to the jury.

3. APPEALS AND ERRORS—*the question of variance cannot be first
raised on appeal.* The question of a variance between the declara-
tion and the proof must be raised in the trial court, and it cannot
be first raised in a court of review.

APPEAL from the Appellate Court for the Fourth Dis-
trict;—heard in that court on appeal from the Circuit
Court of Union county; the Hon. W. W. DUNCAN, Judge,
presiding.

W. W. BARR, F. M. YOUNGBLOOD, and R. J. STEPH-
ENS, (J. M. DICKINSON, of counsel,) for appellant.

JAMES LINGLE, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action on the case commenced in the cir-
cuit court of Union county by the appellee, against the ap-
pellant, to recover damages for a personal injury alleged
to have been sustained by the appellee while in the employ
of the appellant, through the negligence of the appellant.
The jury returned a verdict in favor of the appellee for
$6000, upon which the trial court rendered judgment, which

judgment has been affirmed by the Appellate Court for the Fourth District, and a further appeal has been prosecuted to this court.

The declaration contained three counts, and the general issue was filed.

It appeared from the evidence that on January 2, 1907, the foreman of the appellant's water-works department sent William Harmon, in charge of a gang of men, from Carbondale to Gale, a station on appellant's line, to take out a boiler used by appellant at that station, which was connected with a steam pump used to pump water into a tank, and to put another boiler in its place. The boiler-house was a small building fourteen by eighteen feet, located near appellant's track. The old boiler was removed and the new boiler, called an "emergency boiler," was set in its place. The steam was to be carried from the boiler to the pump through a cast-iron pipe. The pipe extended straight up from the steam dome of the boiler some five or six inches, then turned, with an elbow, toward the pump, and when directly over the pump it turned down with another elbow and connected with the pump. The pipe was connected with the boiler by means of a cast-iron flange three-fourths of an inch thick, which was bolted to the head of the dome of the boiler. After the boiler was put in place it was found the pipe leading down to the pump was some five inches too long. The workmen had no tools to remedy the defect, and they jacked the boiler up to the required height and placed it upon timbers and then made the connection. After the connection was made a fire was started and steam raised, but the pump would not start, the piston appearing to be "hung on center." Two workmen attempted to pry the piston off center with wood or iron pries placed against the arms of the rocker of the pump. After this was done steam was turned on and immediately an explosion took place, which filled the boiler-house with steam and hot water. The appellee was severely scalded about the head,

body and arms and permanently crippled and disfigured. An examination of the flange of the boiler after the explosion showed that it was broken.

At the close of the evidence the appellant made a motion to take the case from the jury, and the denial of that motion is assigned as error. The evidence fairly tended to show that the flange on the boiler was defective and that the boiler gave way at that point when steam was turned on. Whether the break in the flange was an old break or whether it was broken by prying upon the rocker of the pump after the connection was made is not clear from the evidence. We think, however, in either event, that the court did not err in declining to take the case from the jury.

It is urged, however, by the appellant, that the boiler was properly inspected before it was placed in position at Gale and that the flange was found to be safe, and that if the flange was broken after the connection was made the break was caused by prying upon the rocker of the pump, and that if it was thus broken it was broken by the fellow-servants of the appellee. The appellee was an inexperienced workman, and he and the other workmen were under the direction and control of Harmon, who represented the appellant, and the questions whether the boiler was properly inspected, or whether it was rendered unsafe by the action of the fellow-servants of the appellee, were questions of fact, and we think were properly left to the jury.

It is also contended that the trial court misdirected the jury as to the law and improperly refused certain instructions which were offered to the jury on behalf of appellant. We have carefully considered the instructions given to the jury, and when considered as a series we think they correctly state the law. We are also of the opinion that the principles contained in the refused instructions offered by appellant, so far as they were applicable to the case, were contained in instructions which were given to the jury.

236—12

It is also contended that there was a variance between the declaration and the proof. That question does not appear to have been raised in the trial court, and it cannot be raised in the Appellate Court or in this court for the first time.

From a careful examination of this record we are of the opinion that it contains no reversible error. The judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*